486 F.2d 1396
 67 Lab.Cas. P 12,514
 NOTICE: Second Circuit Local Rule 0.23 states unreported opinions shall not be cited or otherwise used in unrelated cases.
Henry Albert Seward et al., Plaintiffs-Appellees
v
F. & M. Schaefer Brewing Company et al., Defendants.
Dominick Accetta et al., Intervenors-Appellants.
 No. 72-1172.
 United States Court of Appeals, Second Circuit.
 March 2, 1972.
 
 Before MURRAH,* KAUFMAN, and OAKES, Circuit Judges.
 PER CURIAM.
 
 
 1
 We vacated the stay in this case and affirmed in open court the order of Judge Weinstein denying intervenors-appellants' motion for post-judgment relief from an order directing the parties to submit this labor dispute to arbitration.
 
 
 2
 For many years defendants F. & M. Schaefer Brewing Company and Rheingold Breweries, Inc. maintained separate delivery routes for keg beer and bottled and canned beer. Each set of drivers--the Keg Beer Delivery Employees and the Bottle Beer Delivery Employees--selected their routes in accordance with the seniority in their respective departments. The dispute we are concerned with here arose when the companies agreed with Local Union 46 of the International Brotherhood of Teamsters to a joining of deliveries. The principal obstacle was merger of the two seniority lists.
 
 
 3
 The issue was submitted to arbitration, and the arbitrator proposed dovetailing the seniority lists on a 3 to 1 basis--the approximate ratio in which Bottle Drivers outnumbered Keg Drivers. Apparently the Local never sought to enforce this award, and, on June 1, 1970, the companies and the Local entered into a supplementary agreement whereby the "union [would] notify the employees of the method by which the assignment of routes shall be made." According to a vote of the Schaefer employees, the Local notified Schaefer that all Bottle Drivers would select their routes before Keg Drivers.
 
 
 4
 On September 11, 1970, three Keg Drivers commenced a suit in the Eastern District of New York under Sec. 301 of the Labor Management Relations Act against Schaefer and the Local, alleging that the Local had breached its duty of fair representation and seeking a declaration of rights and appropriate injunctive relief. By order dated December 23, 1971, Judge Weinstein allowed Rheingold to be added as a defendant and directed the parties to submit to arbitration the dispute with regard to the selection of routes. None of the parties opposed this disposition, and none has appealed from the order.
 
 
 5
 More than a month later, three Bottle Drivers moved to intervene in the action and sought relief from the order of December 23 pursuant to Rule 60(b), F.R.Civ.P. Intervention was granted, but the Rule 60(b) motion was denied. The intervenors appealed and obtained a stay pending appeal of Judge Weinstein's order.
 
 
 6
 Our principal concern on appeal is not the correctness per se of the order directing arbitration, but the denial to the intervenors of relief from this final order under Rule 60(b).[1] Where the Keg Drivers waited more than 16 months from the filing of the complaint until after Judge Weinstein's order had been entered to move for intervention, and they are now unable to assert any compelling reasons to justify post-judgment relief, we cannot say that Judge Weinstein abused his discretion. See 7 J. Moore, Federal Practice, p 60.19.
 
 
 7
 In any event, we have no doubt that this dispute is arbitrable. The collective bargaining agreement provides that "[a]ll complaints or disputes which may arise between the Employer and employees" and are not settled through the grievance procedure may be submitted to arbitration. Here the Keg Drivers contest the procedures instituted for determining employee priority in selecting delivery routes. Although it is true that under the contract employees may not "demand" arbitration, this provision does not preclude arbitration of an employee-instituted dispute if neither the union nor the employer object. Finally, in reviewing Judge Weinstein's exercise of discretion, we must remember that the national labor policy favors arbitration of disputes. See generally United Steelworkers v. American Manufacturing Co., 363 U.S. 564 (1960); United Steelworkers v. Warrier & Gulf Navigation Co., 363 U.S. 574 (1960); United Steelworkers v. Enterprise Wheel & Car Corp., 363 U.S. 593 (1960).
 
 
 
 *
 Senior Circuit Judge, 10th Circuit, sitting by designation
 
 
 [1]
 Rule 60(b) provides:
 On motion and upon such terms as are just, the court may relieve a party or his legal representative from a final judgment, order, or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; ... (5) the judgment has been satisfied, released, or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application; or (6) any other reason justifying relief from the operation of the judgment.